**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 21, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-20772
Summary Calendar

WOLFGANG HIRCZY DE MINO,

Plaintiff-Appellant,

versus

W. ANDREW ACHENBAUM, UNIVERSITY OF HOUSTON; JOHN ANTEL,
Dean of the College of Liberal Arts and Social Sciences,

Defendants-Appellees.

Consolidated with

No. 02-20943

WOLFGANG HIRCZY DE MINO,

Plaintiff-Appellant,

versus

W. ANDREW ACHENBAUM; UNIVERSITY OF HOUSTON; EDWARD P. SHERIDAN,
Doctor, Senior Vice Chancellor of the University of Houston
System; JOHN ANTEL, Dean of the College of Liberal Arts and
Social Sciences,

Defendants-Appellees.

- - - - - - - - - -
Appeals from the United States District Court
for the Southern District of Texas
01-CV-4306
- - - - - - - - - -

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent

Wolfgang Hirczy de Mino (de Mino) filed an action against the University of Houston (UH) and W. Andrew Achenbaum based on an alleged breach of an employment agreement, dated July 23, 2001, under which de Mino was to teach certain classes during the 2001-02 academic year. The defendants timely removed the action to the district court. On the defendants' motion for summary judgment the district court dismissed de Mino's claims, which included both federal civil rights claims and contract claims under state law. The district court also taxed costs against de Mino in the amount of $2935.34. De Mino timely appealed. This court ordered supplemental briefing limited to the question whether any or all of the issues raised on appeal were moot. We DISMISS IN PART as MOOT, MODIFY the district court's judgment by VACATING the award of costs, and, as modified, AFFIRM IN PART.

"In the absence of its being raised by a party, this court is obliged to raise the subject of mootness sua sponte." Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). This court does not have the power under Article III of the Constitution to decide the merits of a case that is moot. See Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir. 1999).

De Mino notes that his complaint "sought only injunctive relief and there was no request for monetary damages." Brief of Appellant, at 5. "It is axiomatic that a request for injunctive

except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

relief remains live only so long as there is some present harm left to enjoin. This is a corollary of the more general rule that a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." McClelland v. Gronwaldt, 155 F.3d 507, 514 (5th Cir. 1998) (internal quotations, footnote, and brackets omitted), overruled on other grounds, Arana v. Ochsner Health Plan, 338 F.3d 433, 440 & n.11 (5th Cir. 2003)(en banc); see also Craig v. Boren, 429 U.S. 190, 192 (1976); Hodges v. Schlinkert Sports Associates, Inc., 89 F.3d 310, 312 (6th Cir. 1996).

De Mino's pleadings and his arguments on appeal show that his action sought only injunctive relief pursuant to an employment agreement that, by its terms, has now expired. Because this court cannot provide meaningful injunctive relief pursuant to an agreement that has expired, see McClelland, 155 F.3d at 510-14, this action is moot to the extent that de Mino has raised issues pertaining to the district court's dismissal of his federal and state law claims regarding the 2001-02 employment agreement. De Mino has not shown that the district court erred in retaining jurisdiction over his state law claims. See 28 U.S.C. § 1367; Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Smith v. Amedisys Inc., 298 F.3d 434, 446 (5th Cir. 2002). Accordingly, this appeal is DISMISSED IN PART as MOOT with respect to the district court's order of summary judgment on de Mino's federal and state law claims.

De Mino has not shown that the district court abused its discretion in refusing to permit the joinder of Dr. Edward P. Sheridan as a defendant.  See FED. R. CIV. P. 15(a); United States ex rel. Mathews v. HealthSouth Corp., 332 F.3d 293, 295 (5th Cir. 2003); Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 662-63 & n.10 (5th Cir. 1979).  Nor has de Mino shown that the district court abused its broad discretion in refusing to sanction the defendants for alleged abuses of the discovery process.  See FED. R. APP. P. 37(d); Securities and Exchange Commission v. First Financial Group of Texas, Inc., 659 F.2d 660, 664-65 (5th Cir. 1981).

However, because de Mino obtained some relief from the litigation, in the form of an enforceable order expressing the parties' agreement that de Mino be employed at UH during the Spring 2002 semester, we agree with de Mino that he was the prevailing party for purposes of FED. R. CIV. P. 54(d)(1).  See FED. R. CIV. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 632 U.S. 598, 604 (2002); United States v. Mitchell, 580 F.2d 789, 793 (5th Cir. 1978). Accordingly, we MODIFY the district court's judgment by VACATING its award of costs.  As MODIFIED, the judgment of the district court is AFFIRMED IN PART.

DISMISSED IN PART AS MOOT; AFFIRMED IN PART AS MODIFIED.