NUMBER 13-06-192-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

ARTHUR POWELL, Appellant,


v.


TEXAS DEPARTMENT OF CRIMINAL JUSTICE - 

CORRECTIONAL INSTITUTIONS DIVISION, ET AL., Appellees.

 


On appeal from the 343rd District Court 

of Bee County, Texas


 


DISSENTING OPINION



Before Chief Justice Valdez, Justices Benavides, and Vela


Dissenting Opinion by Justice Vela


 

 I write separately to dissent from that portion of the majority's opinion holding that
sovereign immunity was either waived or not implicated as to TDCJ. The majority holds
that TDCJ's answer stating that the "suit is frivolous and without merit and that as such,
they are entitled to recover from Plaintiff the amount of any attorneys fees and costs
incurred in defending this suit" waived immunity. As support for its holding, the majority
cites several cases setting forth a general rule that counterclaims for attorneys' fees are
claims for affirmative relief. 

 I believe the majority's holding is inconsistent with the Texas Supreme Court's
decision in Reata Const. Corp. v. City of Dallas, 197 S.W.3d 371, 377 (Tex. 2006), in which
the court recognized a limited waiver of immunity arising from a governmental agency's
participation in litigation. In Reata, the governmental entity joined in the litigation, asserting
a claim for monetary relief. Id. at 376. The trial court, in Reata, acquired jurisdiction over
claims against the city which were connected to, germane to or properly defensive to the
matters on which the city based its affirmative claim for damages. Id. at 377. Clearly, in
this case, TDCJ's pleading is merely one of avoidance -- it is strictly defensive in nature. 
TDCJ sought to be dismissed from the action based on immunity and claimed Powell's
pleadings were frivolous.

 The scenario here is more akin to our sister courts' opinions in DeMino v. Sheridan,
176 S.W.3d 359 (Tex. App.-Houston [1st Dist.] 2004, no pet.), (disagreed with on other
grounds, Texas A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835 (Tex. 2007)); Bexar
Metropolitan Water Dist. v. Education & Economic Development Joint Venture, 220 S.W.3d
25, 32 (Tex. App.-San Antonio 2006, pet. filed); see also Harris County Toll Rd. Auth. v.
Sw. Bell Telephone L.P., No. 01-06-00668-CV, 2006 WL 2641204 (Tex. App.-Houston [1st
Dist.] September 14, 2006, pet. granted). In DeMino, the plaintiff brought suit against
Sheridan, the University of Houston Provost. The record, in DeMino, reflected that
Sheridan did not file a separate pleading suggesting a counterclaim. Rather, his general
prayer for relief asked for attorneys' fees and costs of court. Id. at 372. The DeMino court
stated that the issue of whether an answer pleads a counterclaim or is defensive is whether
a defendant could have maintained an independent suit. If the suit could not have been
maintained, it is defensive. Id. The court concluded that Sheridan did not invoke the
jurisdiction of the trial court by his general prayer. Id. 

 Likewise, in Harris County Toll Road, the court held that the governmental entity had
not initiated the suit, but merely prayed for attorneys' fees in its prayer for relief. Because
the prayer could not be characterized as an offset within the meaning of Reata, Harris
County's immunity was not waived. See id. at *12. Finally, in Bexar Metropolitan Water
District, the San Antonio court of appeals opined that a general pleading for costs is not
the type of affirmative claim contemplated in Reata. Id. at 32. See contra Dequire v. City
of Dallas, 192 S.W.3d 663, 666 (Tex. App.-Dallas 2006, pet. filed) (holding that a
defendant's counterclaim for attorneys' fees, asserted in response to a plaintiff's
declaratory judgment action, is a claim for relief).

 I agree with TDCJ that Powell did not assert a declaratory judgment against it, and
disagree with the majority's statement that the pleadings sought only declaratory relief. I
believe that Powell clearly requested compensatory damages, at least against Martinez. 
Powell's petition states: "Defendant Martinez violated the plaintiff's constitutional rights
under the 14th Amendment . . . for which the plaintiff seeks compensatory damages for
violation of his constitutional rights." The majority states that the relief Powell seeks from
TDJC is not entirely clear, but because TDCJ did not specially except to Powell's petition,
the trial court had jurisdiction. In other words, the majority assumes jurisdiction because
the pleadings are unclear. 

 The petition specifically states that Powell seeks a declaratory judgment against
Martinez, one of the individual defendants he sued. I see nothing stated in the pleadings
suggesting that Powell is seeking declaratory relief against TDCJ. The allegation against
TDCJ appears to be that the "administrative agency or body's decision was not based upon
sufficient evidence to reasonably support it's [sic] action in upholding a finding of guilt in
the prison disciplinary proceedings . . ." A defendant should not be required to file special
exceptions suggesting to a plaintiff possible causes of action. See Crabtree v. Ray Richey
& Co., 682 S.W.2d 727, 728 (Tex. App.-Fort Worth 1985, no writ). Similarly, TDCJ filed
a plea to the jurisdiction in response to Powell's pleaded claim against it. It was not
incumbent upon TDCJ to also inquire, by way of special exception, whether or not Powell
was seeking declaratory relief against it as well as Martinez. The plaintiff has the burden
to plead facts affirmatively demonstrating the court's jurisdiction. Tex. Dept. of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). Even under a liberal reading of the
pleadings, I do not believe that Powell pled facts demonstrating the trial court's jurisdiction. 


 The majority also states that sovereign immunity was not implicated because Powell
sought only declaratory relief against TDCJ. Powell's contention against TDCJ is that the
administrative decision purportedly made by TDCJ, was not based on sufficient evidence. 
The Uniform Declaratory Judgment Act, however, is remedial in nature, designed to afford
relief from uncertainty and insecurity with respect to rights, status, and other legal relations.
Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). A declaratory judgment is
only appropriate if there is a justiciable controversy about the rights and status of the
parties and the declaration will resolve the controversy. Bonham State Bank v. Beadle,
907 S.W.2d 465, 467 (Tex. 1995). The Act is a procedural device for deciding cases
already within a court's jurisdiction. Martin v. Texas Bd. of Crim. Justice, 60 S.W.3d 226,
229 (Tex. App.-Corpus Christi 2001, no pet.). In Martin, the plaintiff argued that the
declaratory judgment act conferred jurisdiction to declare the unconstitutionality of the law
removing his good time credits and depriving him of liberty interests. Id. at 229. This court
held that a district court has no constitutional or statutory jurisdiction to exercise
supervisory control over prison officials. Id. at 230. Here, Powell does not want rights
declared. Rather, he wants TDCJ's decision to be overruled.

 While the majority, in essence, concludes that the mere mention of the words
"declaratory judgment" in a petition fails to implicate and/or waives the immunity of TDCJ,
for the reasons stated above, I disagree. Accordingly, I would affirm TDCJ's plea to the
jurisdiction. 

 

 

 ROSE VELA

 Justice


Dissenting Opinion delivered and 

filed this 7th day of February, 2008.