Opinion issued March 12, 2009








 







In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00274-CV






NASHVILLE TEXAS, INC., Appellant


V.


CITY OF BURLESON, TEXAS, ROVIN, INC., AND PARADIGMS FOR
SUCCESS, INC., Appellees






On Appeal from the 413th District Court 

Johnson County, Texas

Trial Court Cause No. C-2005-00684






MEMORANDUM OPINION

 Appellant, Nashville Texas, Inc. (Nashville), appeals the trial court's order
granting pleas to the jurisdiction in favor of appellees, City of Burleson, Texas
(Burleson), Rovin, Inc., and Paradigms for Success, Inc. In its sole issue, Nashville
contends the trial court erred in finding Nashville lacked standing because Nashville
suffered "a peculiar or special injury different from that suffered by the public." 
Appellees respond by asserting the notice of appeal was untimely filed. We conclude
Nashville's appeal is untimely and dismiss the appeal.

Background 

 After Burleson placed two dumpsters in an alley near Nashville's property,
Nashville sued Burleson for declaratory and injunctive relief to have the dumpsters
removed. Nashville later joined Rovin and Paradigms for Success. In their answers,
appellees generally denied Nashville's allegations; asserted that Nashville's claims
are barred by the doctrines of estoppel and waiver; and asserted that Nashville lacked
standing. Burleson additionally pleaded governmental immunity from suit pursuant
to Texas Rule of Civil Procedure 94. See Tex. R. Civ. P. 94. In their prayers for
relief, appellees used identical language to request attorney's fees: "For the reasons
stated, [appellee] respectfully requests that [Nashville] take nothing by its suit and
that [appellee] recover its costs and attorneys [sic] fees, together with such other and
further relief to which [appellee] may show itself to be justly entitled." Appellees
then filed pleas to the jurisdiction, asserting that Nashville lacked standing. 

 On April 21, 2006, the trial court granted Burleson's plea to the jurisdiction. 
On December 1, 2006, the trial court granted Rovin's and Paradigm's pleas to the
jurisdiction and entered the "Final Order Granting Plea to the Jurisdiction." The final
order states: 

 On December 1, 2006, the court after having taken judicial notice
of pleadings on file in this cause and hereby grants the plea(s) to
jurisdiction filed by Rovin, Inc. and Paradigms For Success, Inc., without
oral argument.

 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED
that the Plea(s) to the Jurisdiction filed by Defendant Rovin, Inc., and
Paradigms for Success, Inc., are in all things granted.

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
the Plaintiff's Claims against Rovin, Inc., and Paradigms for Success,
Inc. are hereby dismissed. This is a Final Order disposing of all matters;
the court having granted the City of Burleson, Texas' Plea to the Court's
Jurisdiction on April 21, 2006.


 On December 12, 2007, Nashville filed a Motion for Entry of Final Order. 
Nashville asserted that the December 1, 2006 order was not final because appellees
counterclaimed for attorney's fees, and that order had not disposed of those
counterclaims. Appellees responded that they did not file counterclaims, and that the
final order dismissed all claims and all parties to the suit. The trial court granted
Nashville's motion and entered a second final judgment on January 9, 2008. 
Nashville appeals from that judgment.


Motion to Dismiss

 Appellees jointly move to dismiss the appeal, asserting that the appeal is
untimely. Appellees contend their general prayer for attorney's fees did not constitute
counterclaims, so the December 1, 2006 order was final. Therefore, since Nashville
failed to perfect its appeal by December 31, 2006, see Tex. R. App. P. 26.1, this Court
lacks jurisdiction over the appeal. We agree.

 We have held that a defendant's general prayer for attorney's fees, as here, does
not constitute a counterclaim. See De Miño v. Sheridan, 176 S.W.3d 359 (Tex.
App.--Houston [1st Dist.] 2004, no pet.). In that case, de Miño asserted that his
employer, Sheridan, waived governmental immunity by filing a counterclaim. Id. at
372. As in this case, Sheridan did not file a separate pleading designated as a
"counterclaim" and did not set forth any allegations or elements of a cause of action
against de Miño. Id. Sheridan merely requested "costs of court, attorney's fees, and
such other relief as the Court deems appropriate" in his general prayer. Id. We
determined that Sheridan's general prayer for attorney's fees did not constitute a
counterclaim because the employer could not have maintained a claim for attorney's
fees in a separate lawsuit. Id.

 Nashville attempts to distinguish De Miño by stating that De Miño "did not
involve a question of finality" but rather addressed "whether a governmental
defendant's prayer for attorneys' fees in an answer constituted a waiver of official
immunity." In fact, De Miño addresses both questions. As we stated in De Miño,
"[t]o address de Miño's argument that Sheridan waived his immunity by invoking the
trial court's jurisdiction, we must first determine whether Sheridan's general prayer
for relief constituted a counterclaim." Id. 

 Nashville also attempts to distinguish De Miño based on what it means to be
able to maintain a claim in a separate lawsuit. Nashville contends Sheridan could not
maintain a claim for attorney's fees in a separate lawsuit because Sheridan was not
entitled to bring his own declaratory judgment action. Nashville contends the
immediate case is distinguishable because appellees could maintain a claim for
attorney's fees in a separate lawsuit under the Declaratory Judgment Act. Nashville's
argument is based on a misreading of De Miño. In De Miño, we stated, 

[I]t is apparent that Sheridan's general prayer for relief, including
attorney's fees, could not have been maintained in a separate lawsuit. 
In his prayer, Sheridan set forth no cause of action, legal theory, or facts
that would entitle him to recover attorney's fees. Therefore, we
conclude that his general prayer for costs of court and attorney's fees did
not constitute a counterclaim . . . .


Id. We did not reach our holding in De Miño based on whether Sheridan had a
potential cause of action that would entitle him to attorney's fees; we looked at
whether Sheridan actually pleaded that cause of action. See id. Similarly, in this
case, appellees failed to set forth a cause of action, legal theory, or facts that would
entitle them to attorney's fees. Appellees therefore failed to assert a counterclaim.

 Nashville additionally contends the trial court's final order was not final
because "the trial court's record contains no indication that any notice of judgment
was sent under Rule 306a(3)" of the Texas Rules of Civil Procedure. See Tex. R.
Civ. P. 306a(3). Nashville concedes the "record does show that a copy of the order
was faxed to all attorneys," but Nashville's counsel states he did not receive it. We
do not determine the finality of a judgment based on whether a party's attorney
received notice of it. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001) ("[W]hether a judicial decree is a final judgment must be determined from its
language and the record in the case.").

 We conclude appellees' prayer for attorney's fees did not constitute a
counterclaim. We hold we lack jurisdiction because this appeal was not filed within
30 days after the trial court issued its final order. See Tex. R. App. P. 26.1. We
therefore do not reach Nashville's sole issue.






Conclusion

 We dismiss the appeal.

 

 

 Elsa Alcala

 Justice

Panel consists of Chief Justice Radack and Justices Alcala and Hanks.