Opinion issued February 24, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00451-CV

———————————

Fred Samson, Appellant

V.

Henry Small,
M.D., Shannon D’Re Chisholm,
and Houston Orthopedic Surgical Hospital LLC d/b/a
Foundation Surgical Hospital of Houston, Appellees



 



 

On Appeal from the 280th District Court

Harris County, Texas



Trial Court Case No. 2008-65968

 



 

MEMORANDUM OPINION

Appellant Fred Samson challenges the
trial court’s order dismissing his health care liability claim against appellees
Henry Small, M.D., Shannon D’Re Chisholm, and Houston Orthopedic Surgical
Hospital LLC d/b/a Foundation Surgical Hospital of Houston because of his
failure to provide an expert report as required by Chapter 74 of the Civil
Practice and Remedies Code.  See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351 (West Supp. 2010).  Although he frames his issues differently,
Samson essentially raises two issues on appeal. 
He first contends that the trial court erred in dismissing all of his
claims against the appellees.  He also argues
that the expert report requirement in section 74.351 of the Civil Practice and
Remedies Code is unconstitutional.  We affirm.

Background

On November 10, 2010, licensed
physician Dr. Henry Small performed a bilateral decompressive lumbar
laminectomy and a posterolateral fusion on Samson at Foundation Surgical
Hospital of Houston.  Small was assisted
in the procedure by Shannon Chisholm, a licensed physician’s assistant.  During the procedure, Small performed a bone
graft and installed pedicle screws and spinal rods into Samson’s vertebral
column.  Samson alleges that he agreed only
to a bone graft procedure performed incident to the laminectomy.  He contends that he specifically informed Small
that he did not want any foreign objects placed in his body either temporarily
or permanently.  Upon waking and
discovering that Small had installed the pedicle screw and spinal rods, Samson
became angry.  He demanded the removal of
his catheter, which had been inserted during the operation and which he
contends was utilized without his permission, and he called 9-1-1 to report
mistreatment by hospital staff.  Samson
claims that he was never informed of the risks, possible complications, or
dangers associated with the procedure and that he never agreed to the
posterolateral fusion procedure.  He also
claims that the appellees conspired to alter or remove information in his
medical records.

          On
November 6, 2008, Samson sued Small, Chisholm, and Foundation Surgical Hospital
of Houston.  Samson alleged negligence,
negligent misrepresentation, fraud, conspiracy, and violations of the Deceptive
Trade Practices Act.  He filed a first
amended petition on March 16, 2009, adding a claim for battery.  On March 19, 2009, pursuant to
section 74.351 of the Civil Practice and Remedies Code, Foundation Surgical
Hospital filed a motion to dismiss for failure to file an expert report within
120 days of filing suit.  Small and
Chisholm filed a separate motion to dismiss on the same grounds.  Samson subsequently filed his second amended
petition, alleging breach of contract, breach of fiduciary duty, fraud, civil
conspiracy, and aiding and abetting civil conspiracy.  Samson argued in his response to the appellees’
motions to dismiss that Chapter 74 of the Civil Practice and Remedies Code did
not apply because his claims were not health care liability claims.  The trial court granted the motions and
entered orders dismissing Samson’s claims with prejudice.  Samson subsequently filed a third amended
petition, a motion for reconsideration, and several motions for new trial, all
of which were denied.  On appeal, he
contends that the trial court erred in dismissing all of his claims.  He also argues that the expert report requirement violates
his federal and state constitutional rights.

Analysis

I.                 
Standard
of review

Whether a claim is a “health care liability claim” subject
to the statutory expert report requirements is a question of law and is
reviewed de novo.  Diversicare Gen. Partner, Inc. v.
Rubio, 185 S.W.3d 842, 847
(Tex. 2005).  We review the trial court’s decision on
a section 74.351 motion to dismiss for abuse of discretion.  Am. Transitional Care Ctrs. of Tex., Inc.
v. Palacios, 46 S.W.3d 873,
878 (Tex. 2001).  A trial court abuses
its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding rules or principles.  Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).

II.              
Expert
report requirements

A health care liability claimant is required to serve on
each party or the party’s attorney one or more expert reports with the
curriculum vitae of each expert listed in the report no later than the 120th
day after the date the original petition was filed.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a).
 If an expert report has not been served
within the 120-day period, the court, on motion of the affected physician or
health care provider, shall—subject to an extension of time for a deficient
report—enter an order that (1) awards to the physician or health care
provider reasonable attorney’s fees and costs of court incurred by the
physician or health care provider and (2) dismisses with prejudice the
claim with respect to the physician or health care provider.  Id. § 74.351(b),
(c).  Dismissal is mandatory and
extensions are prohibited if no report is served within the 120-day deadline
imposed by section 74.351(a).  Id. § 74.351(b).  

Pro se litigants are held to the same standards as attorneys
and must comply with all applicable and mandatory rules of pleading and
procedure.  De Mino v. Sheridan, 176 S.W.3d 359, 369 n.17 (Tex. App.—Houston
[1st Dist.] 2004, no pet.).  To apply a
different set of rules to pro se litigants would be to give them an unfair
advantage over litigants represented by counsel.  Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184–85 (Tex. 1978); Holt v. F.F. Enters., 990 S.W.2d
756, 759 (Tex. App.—Amarillo 1998, pet. denied).  Accordingly, the requirements of section 74.351 apply
to pro se litigants just as they do litigants represented by counsel.  

Construing his brief liberally, Samson argues on appeal that
he was not required to serve an expert report on the parties in this case
because his claims were not health care liability claims governed by Chapter 74
of the Civil Practice and Remedies Code. 
Small, Chisholm, and Foundation Surgical Hospital contend that the
procedure performed by Small forms the basis of Samson’s complaint.  They argue that Samson cannot avoid the
requirements of Chapter 74 through “creative pleading” when his claim is really
a health care liability claim.

A health care liability claim is defined as:

[A] cause of action against a health care provider or
physician for treatment, lack of treatment, or other claimed departure from
accepted standards of medical care, or health care, or safety or professional
or administrative services directly related to health care, which proximately
results in injury to or death of a claimant, whether the claimant’s claim or
cause of action sounds in tort or contract.

 

Tex. Civ. Prac. & Rem. Code § 74.001(a)(13) (West 2005).  A health care provider is “any person, partnership,
professional association, corporation, facility, or institution duly licensed,
certified, registered, or chartered by the State of Texas to provide health
care.”  Id. § 74.001(a)(12).  To determine whether a cause of action is a health care
liability claim, the court examines the underlying nature of the claim and is
not bound by the form of the pleadings.  Diversicare, 185 S.W.3d at 847; Marks v. St. Luke’s Episcopal Hosp., 229
S.W.3d 396, 400 (Tex. App.—Houston [1st Dist.] 2007), aff’d, 319 S.W.3d 658 (Tex. 2010). 
A cause of action against a health care provider is a health care
liability claim under Chapter 74 if it is based on a claimed departure from an
accepted standard of medical care, health care, or safety of the patient,
whether the action sounds in tort or contract.  Tex.
Civ. Prac. & Rem. Code § 74.001(a)(13); Diversicare, 185 S.W.3d at 847.  A cause of action alleges a departure from
accepted standards of medical care or health care if the act or omission
complained of is an inseparable part of the rendition of medical services. See
Diversicare, 185 S.W.3d at 848; Marks, 229 S.W.3d at 400.

          Samson asserted causes of action for
negligence, negligent misrepresentation, fraud, fraudulent nondisclosure,
conspiracy, violations of the DTPA, battery, breach of contract, and breach of
fiduciary duty.  More specifically, he
claimed that he was injured by “the occurrence of an undisclosed risk” and that
he was never informed that spinal rods would be installed along several of his
vertebrae.  With respect to the civil
conspiracy claim, Samson alleged that Small conspired with an unidentified
person to alter his medical records by including a pre-operative certification
from Samson’s cardiologists in the surgical records.  Samson’s fraud, breach of contract, and breach
of fiduciary duty claims all stem from the same incident—the procedure
performed by Small—and involve the same complaints—Samson’s allegation that he
was not apprised of the risks associated with the procedure and that he did not
consent to installation of the pedicle screws and spinal rods.

          Claims based on the failure to obtain
informed consent are governed by Chapter 74 of the Civil Practice and Remedies
Code.  See Tex. Civ. Prac. &
Rem. Code § 74.101 (West 2005); Schaub v. Sanchez, 229 S.W.3d 322,
323–24 (Tex. 2007); Baylor Univ. Med.
Ctr. v. Biggs, 237 S.W.3d 909, 914 (Tex. App.—Dallas 2007, pet. denied).  Likewise, assault and battery claims are health
care liability claims when the plaintiff’s factual allegations are related to
medical treatment provided by the defendant. 
See Hunsucker v. Fustok, 238
S.W.3d 421, 426–29 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that claims for fraud, assault, and battery, based on
surgeon’s performance of one surgical procedure when he allegedly had agreed to
perform another surgical procedure, were health care liability claims under
former article 4590i).
 

Claims for conspiracy, breach of contract, fraud, and
violations of the DTPA are also health care liability claims when, as in this
case, the acts or omissions that form the basis of the plaintiff’s allegations
are an inseparable part of the rendition of health care services.  See
Murphy v. Russell, 167 S.W.3d 835, 837–39 (Tex. 2005); Ramchandani v. Jimenez, 314 S.W.3d 148, 152–53 (Tex. App.—Houston
[14th Dist.] 2010, no pet.).  Samson does
not allege any facts other than those related to the surgical procedure
performed by Small.  All of his claims
stem from the same incident and are either expressly covered under section
74.101 or are an inseparable part of the rendition of health care
services.  See Tex. Civ. Prac. &
Rem. Code Ann. § 74.101; Murphy,
167 S.W.3d at 837–39.

Because we conclude that Samson’s claims were health care
liability claims, it follows that he was required to serve Small, Chisholm, and
Foundation Surgical Hospital with an expert report no later than the 120th day
after the date the original petition was filed. 
Tex. Civ. Prac. & Rem. Code
§ 74.351(a).  He did not.  Accordingly, we hold that the trial court
properly dismissed with prejudice his claims against Small, Chisholm, and
Foundation Surgical Hospital.  Id. § 74.351(b) (“[T]he court, on
the motion of the affected physician or health care provider, shall . . . enter
an order that . . . dismisses the claim . . . 
with prejudice to refiling of the claim.”).  Samson’s first issue is overruled.

III.          
Constitutional
claims

Samson argues for the first time on appeal that the trial
court’s dismissal of his claims violates his federal and state constitutional
rights.  He contends that dismissing his
claims pursuant to section 71.351 violates the open courts provision of the
Texas Constitution, his right to a jury trial, separation of powers, due
process, and equal protection.  Samson
did not make this argument in the trial court. 
As a rule, a claim, including a constitutional claim, must be asserted
in the trial court in order to raise an issue on appeal.  Dreyer
v. Greene, 871 S.W.2d 697, 698 (Tex. 1993); Nguyen v. Yovan, 317 S.W.3d 261, 269 n.5 (Tex. App.—Houston [1st
Dist.] 2009, pet. denied).  As discussed
above, a pro se litigant is held to the same standards as an attorney and must
comply with mandatory rules of pleading and procedure.  De Mino,
176 S.W.3d at 373; see Tex. R. App. P. 33.1(a).  Because these issues were not raised below,
we hold that they are waived.

Conclusion

          We affirm the
judgment of the trial court.

 

                                                                   Michael
Massengale

                                                                   Justice

 

Panel
consists of Justices Keyes, Sharp, and Massengale.