The **CITY OF FRIENDSWOOD,** Texas, Appellant,

v.

**REGISTERED NURSE CARE HOME,** Donna Strange, and Dennis Strange, Appellees.

No. 01–97–01069–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1998.

Ramon G. Viada, Houston, for Appellant.

Anthony P. Griffin, Galveston, for Appellees.

Before O'CONNOR, COHEN and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a temporary injunction[1] entered in favor of Registered Nurse Care Home (RNCH), Donna Strange, and Dennis Strange, the appellees and plaintiffs below, against the City of Friendswood, Texas, the appellant and defendant below. We dissolve the temporary injunction.

In 1995, the Stranges bought a house in an area of Friendswood zoned for single family residences, intending to operate a personal care facility out of the house. About four or five months later, in about September 1995, they began operating RNCH out of the house. In May 1995, Friendswood sent the Stranges a letter saying they were violating zoning ordinances by operating a commercial business in an area zoned for single family residences. The letter said the Stranges had 30 days to comply with zoning ordinances or charges would be filed. The Stranges continued to operate RNCH, and in 1995 charges were brought against Donna. She was convicted in municipal court and appealed to county court, where the matter is still pending. Charges were again filed against Donna in 1997.

At the hearing on the temporary injunction, the Stranges testified that the State gives personal care facilities a year to become licensed. The Stranges, at time of the hearing, had been trying for over a year to get licensed by the State as a personal care facility. They had not yet filed an application for licensure because the fire marshal's certification is required for the application. They applied for a fire permit, but Friendswood denied the permit, on the ground that they were operating a business in a residential area, which violated city ordinances. Without the fire permit, the Stranges cannot install a required fire alarm system in the house.

---

1. *See* TEX.CIV.PRAC. & REM.CODE § 51.014(a)(4) (1997).

**1. Did the trial court have jurisdiction to grant injunction?**

■ Friendswood initially argues the trial court lacked jurisdiction to enter the injunction. Friendswood contends a trial court cannot enjoin enforcement of a penal ordinance unless the plaintiff shows the ordinance was unconstitutional or void *and* that vested property rights will suffer irreparable harm if the ordinance is enforced. *Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 63 (Tex.1969). However, the plaintiffs did not seek to enjoin the enforcement of a criminal statute or a penal ordinance. They did not seek to enjoin any criminal prosecutions by Friendswood. Their amended request for a temporary injunction and the order granting the temporary injunction enjoined Friendswood from requiring the plaintiffs to meet the "single family dwelling" requirement and from denying the plaintiffs a fire permit if the plaintiffs met the fire permit requirements. The trial court did not enjoin Friendswood from continuing with the criminal prosecution of Donna Strange. The trial court had jurisdiction to enter the injunction.

**2. Did the trial court abuse its discretion?**

■ To be entitled to a temporary injunction, an applicant must establish she has a probable right upon trial on the merits to the relief sought and a probable injury in the interim. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993); *Henderson v. KRTS, Inc.*, 822 S.W.2d 769, 773 (Tex.App.—Houston [1st Dist.] 1992, no writ). An applicant does not need to establish she will prevail at trial, but need only show she is entitled to preserve the status quo pending a trial on the merits. *Walling*, 863 S.W.2d at 58. The only question to be answered at a temporary injunction hearing is whether the applicant is entitled to preserve the status quo pending trial. *Henderson*, 822 S.W.2d at 773–74.

■ When reviewing an order granting a temporary injunction, we will reverse a trial court only if we find the trial court clearly abused its discretion in granting the order. *Walling*, 863 S.W.2d at 58; *Henderson*, 822 S.W.2d at 773. A trial court abuses its discretion when it misapplies the law to established facts or unreasonably concludes an applicant has a probable right to recovery. *Henderson*, 822 S.W.2d at 773.

**Analysis**

In this case, the plaintiffs operate RNCH in a house in a single family residential area. They want to establish RNCH as a community home, which is authorized by statute in any residential area. TEX.HUM.RES.CODE § 123.003 (1998). To qualify as a community home, RNCH must be licensed as a personal care facility under chapter 247 of the Health & Safety Code. TEX.HUM.RES.CODE § 123.004(2) (1998). A personal care facility is defined as an establishment that (1) furnishes food and shelter to four or more persons unrelated to the proprietor, and (2) provides personal care services, including assistance with meals, dressing, movement, bathing, or other personal needs, administration of medication by a licensed person, or general supervision of the physical and mental well-being of a person in need of help to maintain a private and independent residence in the facility. TEX.HEALTH & SAFETY CODE §§ 247.002(3), (4) (1998). Section 123.006(a) limits the number of residents in a community home to six. TEX.HUM.RES.CODE § 123.006(a) (1998).

At the injunction hearing, Dennis testified he and Donna want to have RNCH licensed as a personal care facility. He testified that nine elderly persons live at the residence, and RNCH assists them with bills, dressing, movement, and medication. He said the Fire Marshal inspected the Friendswood home and explained what RNCH needs to do in order to conform with the city code. Dennis stated Friendswood is, in effect, barring them from licensure by refusing to issue a fire permit.

The Stranges testified that they are in a catch–22 situation. As a community home, RNCH are authorized by statute to operate in a residential district. However, RNCH cannot get licensed as a community home until it meets the State's licensing requirements. It cannot meet the licensing requirements without conforming to Friendswood's fire code. It cannot conform to the fire code without a fire alarm system but the Stranges

cannot install the fire alarm system without a fire permit from Friendswood. Friendswood refused to issue the permit because the area was a residential district.

Dennis testified that, before buying in Friendswood, they bought another house in League City, Texas. League City had similar zoning laws and the Stranges had much the same fight with League City over the zoning in the area. However, the Stranges eventually got a license for the League City facility and so assumed they could do the same in Friendswood.

RNCH houses nine residents, thus violating section 123.006(a) of the Texas Human Resources Code, which limits the number of residents in a community home to six. TEX. HUM.RES.CODE § 123.006(a) (1998). This, argues Friendswood, shows the trial court granted an injunction to preserve the status quo when the status quo would not entitle the plaintiffs to ultimate relief. We agree.

■ We hold the trial court abused its discretion by issuing an injunction that preserved the status quo of nine persons living in the facility because that number exceeds by three the maximum number that could live there under the limited exception granted by state law. TEX.HUM.RES.CODE § 123.006(a) (1998). The plaintiffs were not entitled to preserve the status quo because, at the time of the hearing, the plaintiffs were housing nine elderly persons at the facility in violation of section 123.006(a). If the plaintiffs had been in compliance with the requirements of the Health and Safety Code and the Human Resource Code, they may have been entitled to preserve the status quo.

Nothing in this opinion prevents the plaintiffs from returning to the trial court with another request for injunctive relief to preserve the status quo once they have complied with requirements of the Health and Safety Code and the Human Resource Code.

We sustain Friendswood's issues on appeal.

We dissolve the trial court's temporary injunction.