Glenn B. FREEDMAN, Appellant,

v.

THE UNIVERSITY OF HOUSTON,
Appellee.

Glenn A. Goerke, Appellant,

v.

The University of Houston, Appellee.

Nos. 01–02–00294–CV, 01–02–00469–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 22, 2003.

Robert A. Jones, Sheila Haddock, Barlow, Todd, Jordan & Jones, L.L.P., Houston, TX, for Appellant.

Jeff A. Armstrong, Office of the Attorney General, Austin, TX, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

## OPINION

TERRY JENNINGS, Justice.

In these interlocutory appeals, appellants, Glenn B. Freedman and Glenn A. Goerke, challenge the decisions of the trial courts in their respective cases to grant pleas to the jurisdiction filed by appellee, the University of Houston ("UH"). Because these appeals raise common issues, we consider them together.[1]

In five issues, appellants argue that the trial courts erred in granting UH's pleas to the jurisdiction in light of (1) section 111.33 of the Texas Education Code,[2] (2) the "open courts" provision of the Texas Constitution,[3] (3) the equitable nature of the relief sought by appellants, (4) the Texas Constitution's prohibition against uncompensated "takings,"[4] and (5) the fact that, at most, UH is entitled to an abatement of the proceedings while appellants seek legislative permission to sue.

We affirm.

## Facts and Procedural Background

On July 25, 1995, UH's board of regents approved Goerke, a tenured faculty member of UH, to serve as interim president of UH for a term to begin August 1, 1995 and continue for two years, or until the board appointed a permanent president. Freedman, also a tenured faculty member of UH, was appointed to serve a similar term as Executive Associate Vice President of UH. Each appellant entered into a written contract of employment with UH concerning their new positions.

After a dispute arose between appellants and UH concerning the terms of their respective contracts, appellants filed separate lawsuits against UH. In each case, appellants asserted claims against UH for breach of contract and for intentional "taking" of personal property. Each appellant also sought a declaratory judgment concerning the terms of their respective contracts, as well as recovery of their attorney's fees. UH answered the lawsuits, pleaded the affirmative defense of sovereign immunity, and filed pleas to the jurisdiction seeking dismissal of appellants' claims. The trial courts subsequently granted the pleas.

## Sovereign Immunity

■■■ As a general rule, the State of Texas and its government units[5] are immune from suits for money damages unless the legislature has expressly consented to the suit. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 593 (Tex.2001). When a governmental unit contracts with a private citizen, it generally retains immunity from suit even though it waives immunity from liability. *Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 408 (Tex.1997). Generally, a party seeking redress against a governmental unit for

---

1. By our order of July 25, 2002, we granted the parties' joint motion to consider these appeals together.

2. Tex. Educ.Code Ann. § 111.33 (Vernon 2002).

3. Tex Const. art. I, § 13.

4. Tex. Const. art. I, § 17.

5. UH is a state-created university. Tex. Educ. Code Ann. § 111.01–.02 (Vernon 2002).

breach of contract must establish legislative consent to sue by bringing suit under a special statute or obtaining a legislative resolution. *Little–Tex,* 39 S.W.3d at 596; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 107.002 (Vernon 1997).

■ In the absence of a waiver of governmental immunity, a court has no subject matter jurisdiction to entertain a suit against a governmental unit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits. *Li v. Univ. of Tex. Health Sci. Ctr.,* 984 S.W.2d 647, 654 (Tex.App.-Houston [14th Dist.] 1998, pet. denied).

■ A governmental unit may contest a trial court's authority to determine the subject matter of the cause of action by filing a plea to the jurisdiction. *Reyes v. City of Houston,* 4 S.W.3d 459, 461 (Tex. App.-Houston [1st Dist.] 1999, pet. denied). An appeal may be taken from an interlocutory order that grants a plea to the jurisdiction filed by a governmental unit. TEX. CIV. PRAC. & REM CODE ANN. § 51.014(a)(8) (Vernon Supp.2003). When reviewing a trial court's ruling on a plea to the jurisdiction, we consider the facts alleged by the plaintiff and, to the extent relevant to the jurisdictional issues, any evidence submitted by the parties. *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001).

### Breach of Contract Claims

In their first and second issues, appellants contend that the trial courts erred in granting UH's pleas to the jurisdiction because UH is not immune from suit for breach of contract.

■ Sovereign immunity embraces two principles: immunity from suit and immunity from liability. *Federal Sign,* 951 S.W.2d at 405. When the State or a governmental unit contracts with private citizens, it waives only immunity from liability; a private citizen must still obtain legislative consent to sue for breach of contract. *Id.* at 408.

Appellants argue that, in the Education Code, the legislature has expressly consented to suits against UH, and that interpreting the Education Code as precluding their suits would violate the "open courts" provision of the Texas Constitution.[6] Appellants rely on the language of section 111.33 of the Education Code as granting express legislative consent to sue UH. That section provides as follows:

> The board [of regents] has the power to *sue and be sued* in the name of the University of Houston. Venue shall be in either Harris County or Travis County. The University shall be impleaded by service of citation on the president or any of its vice presidents. *Nothing in this section shall be construed as granting legislative consent for suits* against the board, the University of Houston System, or its component institutions and entities *except as authorized by law.*

TEX. EDUC.CODE ANN. § 111.33 (Vernon 2002) (emphasis added).

As noted by the parties, this Court has previously held that the "sue and be sued" language of section 111.33 provided express consent to suits for breach of contract against UH. *Fazekas v. Univ. of Houston,* 565 S.W.2d 299, 302 (Tex.Civ. App.-Houston [1st Dist.] 1978, writ ref'd n.r.e.). However, subsequent to our opinion in *Fazekas,* the legislature amended

6. TEX. CONST. art. I, § 13.

section 111.33 to add its current final sentence.[7]

■ Contrary to appellants' allegations, the effect of this additional language is not to render the first sentence of section 111.33 meaningless. The first sentence clarifies the capacity in which UH's board of regents has the authority to litigate, while the final sentence of section 111.33 permits suits against UH "as authorized by law." Therefore, under the terms of section 111.33, as amended, appellants can maintain their suits against UH for breach of contract, but must first obtain legislative consent to do so. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 107.002.

■ Appellants argue that, if the legal effect of the 1985 amendment to section 111.33 is to remove the statute's prior express consent to sue, section 111.33 as currently enacted violates the Texas Constitution's "open courts" provision. The Texas Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation shall have a remedy by due course of law." TEX. CONST. art. I, § 13. This provision has been held to apply to prohibit statutory restrictions of cognizable common law causes of action. *Federal Sign*, 951 S.W.2d at 410.

Here, section 111.33 does not foreclose appellants' lawsuit or leave them without a remedy, it merely requires that appellants obtain legislative consent to suit before initiating litigation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 107.002. Thus, section 111.33 does not violate the "open courts" provision of the Texas Constitution. Moreover, as the Texas Supreme Court has indicated, merely "upholding established sovereign immunity law" does not violate the "open courts" provision. *See Federal Sign*, 951 S.W.2d at 410.

We overrule appellants' first and second issues.

## Declaratory Judgment Claims

■ In their third issue, appellants argue that the trial court erred in granting UH's pleas to the jurisdiction because appellants did not need to obtain legislative consent to assert their declaratory judgment claims.

■ A party can maintain a suit against a governmental unit to obtain an equitable remedy or determine its legal rights without legislative permission. *Id.* at 404. However, the Texas Supreme Court has consistently held that private parties may not circumvent a governmental unit's immunity from suit by characterizing a suit for money damages as a declaratory judgment claim. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 856 (Tex.2002) (citing *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 840 (1958)).

Here, appellants sought a declaratory judgment concerning their rights under their contracts with UH. As the Texas Supreme Court has held, appellants may not recast their contractual claims against UH as equitable claims to avoid the requirement of legislative consent to suit. *Tex. Nat. Res. Conservation Comm'n*, 74 S.W.3d at 856.

We overrule appellants' third issue.

## "Takings" Claims

■ In their fourth issue, appellants argue that the trial court erred in granting UH's pleas to the jurisdiction on their claims that UH's breach of contract constituted an uncompensated "taking" of their personal property.

---

**7.** Act of May 15, 1985, 69th Leg., R.S., ch. 378, § 1, 1985 Tex. Gen. Laws 1466, 1466.

 The Texas Constitution prohibits the State or its governmental units from taking personal property without compensating the owner for the property taken. Tex. Const. art. I, § 17. Sovereign immunity does not shield the State or its governmental units from claims for compensation under the "takings" clause. *Little–Tex*, 39 S.W.3d at 598. However, when the State enters into a contract, it lacks the intent to take property under its eminent domain powers and thus does not commit a "taking." *Id.* at 599. Here, by entering into a contract with appellants, UH has not committed a "taking" of appellants' personal property.

We overrule appellants' fourth issue.

### Abatement

 In their fifth issue, appellants argue that the trial court should not have granted UH's pleas to the jurisdiction, but should have abated the proceedings so that appellants could seek and obtain legislative consent to sue UH pursuant to section 107 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. § 107.002. Appellants argue that they should not be "prejudiced or penalized" because of "the unsettled nature of the law" in the area of sovereign immunity, and that, without an abatement, their claims against UH could be in danger of being barred by limitations by the time they obtain the required legislative consent to sue.

 Generally, as noted above, when a trial court learns that it lacks jurisdiction to hear a cause, the court has little discretion but to immediately dismiss the cause. *Li*, 984 S.W.2d at 654. Thus, a trial court may not abate a suit to await developments in the positions or claims of the parties that may trigger its jurisdiction; jurisdiction must be present at the outset of the litigation. *Id.*

We overrule appellants' fifth issue.

### Conclusion

We affirm the judgments of the trial courts.