Opinion issued August 12, 2004






            











In The
Court of Appeals
For The
First District of Texas
 

 
 
                                             NOS. 01-03-00794-CV
                                                        01-04-00099-CV
___________

WOLFGANG HIRCZY DE MIÑO, Appellant

V.

EDWARD P. SHERIDAN, Appellee
 

 
 
On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2003-01538
 

 
 
O P I N I O N
          In these accelerated, interlocutory appeals, appellant, Wolfgang Hirczy de
Miño, challenges the trial court’s orders denying de Miño’s application for a
temporary injunction and granting a plea to the jurisdiction in favor of appellee,
Edward Sheridan, Provost of the University of Houston (UH), on de Miño’s claims
asserted against Sheridan in his official capacity.
          De Miño, appearing pro se, presents six issues


 for our review. He contends
that the trial court erred in granting Sheridan’s plea to the jurisdiction because section
111.33 of the Texas Education Code


 and the Uniform Declaratory Judgments Act
(the DJA)


 waive UH’s governmental immunity, and thus Sheridan’s immunity, for
causes of action authorized by law. Alternatively, he contends that no statutory
waiver of immunity is required for an individual to bring a suit against State officials
based on their unauthorized, illegal, or unconstitutional acts. As a further alternative,
he contends that UH waived its governmental immunity, and that of Sheridan, by its
conduct. De Miño also contends that the trial court erred in granting Sheridan’s plea
to the jurisdiction and in denying de Miño’s claims for equitable relief because he had
adequately pleaded facts sufficient to support his claims for violations of his rights
under the Texas Constitution. He further contends that the trial court erred in
dismissing his claims without affording him an opportunity to amend his pleadings.
          Sheridan contests our jurisdiction to consider de Miño’s interlocutory appeal
of the trial court’s order granting the plea to the jurisdiction on the ground that
Sheridan is not a “governmental unit,” as that term is defined by the Civil Practice
and Remedies Code.


 We conclude that we have jurisdiction over de Miño’s
interlocutory appeal, and we affirm the trial court’s orders.
Factual and Procedural Background
          In the fall of 2001, Sheridan refused to approve the renewal of de Miño’s
lecturing


 contract with UH after it had been approved for renewal by W. Andrew
Achenbaum, the Dean of UH’s College of Liberal Arts and Social Sciences. After de
Miño filed a wrongful termination suit against UH and Achenbaum, asserting federal
civil rights claims as well as a claim for an alleged breach of an employment
agreement, a federal district court ordered UH to employ de Miño for the Spring 2002
semester. However, on UH’s motion for summary judgment, the federal court
subsequently dismissed de Miño’s claims.



          De Miño filed the instant suit in January 2003 against Sheridan for defamation
and “retaliation.” In his original petition, de Miño asserted his defamation claim 
against Sheridan “in [Sheridan’s] individual capacity for wrongful conduct that falls
outside the scope of his employment” as Provost for UH. De Miño based his
defamation claim on statements made by Sheridan in a March 2002 affidavit
submitted in the previous federal lawsuit. In the affidavit, Sheridan explained that his
decision not to renew de Miño’s contract had been based on information that
Sheridan had received from other UH administrators that de Miño had been accused
of sexual harassment by one of his female students and had admitted to having had
an affair with the student making the allegation of harassment.


 De Miño based his
retaliation claim on his allegation that, in making the allegedly defamatory statements
contained in the March 2002 affidavit, Sheridan had “retaliated against [de Miño] by
impugning his integrity and by knowingly making false statements of fact calculated
to ruin [de Miño’s] reputation.” De Miño accused Sheridan of making the statements
in the affidavit “to teach [de Miño], and all others who oppose Sheridan’s autocratic
leadership of [UH] and stand up for their rights, a lesson by making an example of [de
Miño]” for de Miño’s having filed a lawsuit against UH.
          In his “First Supplemental Petition,” de Miño expanded his pleadings to “assert
all causes of actions [sic] against [Sheridan] in his official capacity ” as UH’s Provost. 
In a “Second Supplemental Petition,” de Miño raised additional claims against
Sheridan for violation of de Miño’s rights to “free speech” and “redress of
grievances” under the Texas Constitution.



          De Miño then filed a “Third Supplemental Petition” in which he “clarifie[d]”
that he was not asserting any tort claims against Sheridan in Sheridan’s official
capacity. De Miño also raised (1) a “takings” claim,


 (2) a claim that Sheridan had
violated de Miño’s “constitutional liberty interest in his professional reputation,”



and (3) a claim for relief in the form of a declaration


 that, in making the allegedly
defamatory statements, Sheridan had violated de Miño’s constitutional rights.
          Additionally, de Miño filed an application seeking a temporary injunction to
prevent Sheridan from repeating or republishing the allegedly defamatory statements
and to order Sheridan to provide de Miño with access to UH’s internet website so as
to afford de Miño “an opportunity to post documentary evidence pertaining to the
dispute between [de Miño] and [UH]” and “controvert [UH’s] allegations concerning
him.”
          Sheridan filed a plea to the jurisdiction, based on governmental immunity,
seeking to dismiss de Miño’s claims raised against Sheridan in his official capacity. 
Sheridan also filed a response to de Miño’s application for a temporary injunction,
in which Sheridan argued that the application should be denied because de Miño had
not demonstrated either a probable right of recovery or the likelihood of probable
injury pending trial.


 By separate orders, the trial court granted Sheridan’s plea to
the jurisdiction as to all claims asserted against him in his official capacity and denied
de Miño’s application for a temporary injunction.



Appellate Jurisdiction
          By supplemental letter brief filed with this Court before the submission of this
case, Sheridan contested our jurisdiction to consider de Miño’s interlocutory appeal
of the trial court’s order granting the plea to the jurisdiction. An appeal may be taken
from an interlocutory order that grants or denies a plea to the jurisdiction filed by “a
governmental unit” such as UH. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)
(Vernon Supp. 2004). Sheridan argues that, because the trial court granted a plea to
the jurisdiction in favor of Sheridan, and not in favor of a “governmental unit,” de
Miño is not entitled to pursue an interlocutory appeal from the trial court’s ruling.
          It is a well-established and generally accepted principle of law that a suit
against a government employee in his official capacity is, in all respects, a suit against
the governmental unit. See, e.g., Terrell ex rel. Estate of Terrell v. Sisk, 111 S.W.3d
274, 280 (Tex. App.—Texarkana 2003, no pet.); Tex. Dep’t of Health v. Rocha, 102
S.W.3d 348, 353 (Tex. App.—Corpus Christi 2003, no pet.); Denson v. T.D.C.J.–I.D.,
63 S.W.3d 454, 460 (Tex. App.—Tyler 1999, pet. denied); Univ. of Tex. Med. Branch
at Galveston v. Hohman, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999,
pet. dism’d w.o.j.). Here, the trial court granted Sheridan’s plea to the jurisdiction
only as to claims asserted against Sheridan in his official capacity as an employee of
UH, a governmental unit. Thus, the trial court’s ruling was, in effect, the equivalent
of a ruling granting a plea to the jurisdiction in favor of UH.



          Accordingly, we hold that we have jurisdiction over de Miño’s interlocutory
appeal, and we address the merits of de Miño’s arguments.
Plea to the Jurisdiction
          In his first, second, and third issues, de Miño argues that the trial court erred
in granting Sheridan’s plea to the jurisdiction because (1) both section 111.33 of the
Texas Education Code and the DJA waive UH’s governmental immunity, and thus
Sheridan’s immunity, for causes of action authorized by law; (2) no statutory waiver
of immunity is required for an individual to bring a suit against State officials based
on their unauthorized, illegal, or unconstitutional acts; and (3) UH waived its
governmental immunity, and that of Sheridan, by its conduct. In his fifth issue, de
Miño argues that the trial court erred in granting Sheridan’s plea to the jurisdiction
because de Miño adequately pleaded facts sufficient to support his claims for
violations of his rights under the Texas Constitution.
          As a general rule, the State of Texas and its governmental units are immune
from suits for money damages unless the legislature has expressly consented to the
suit. Gen. Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex.
2001). UH is a governmental unit generally immune from tort liability, except when
the legislature has specifically waived that immunity. Tex. Educ. Code Ann.
§§ 111.01–.02 (Vernon 2002 & Supp. 2004); Tex. Civ. Prac. & Rem. Code Ann.
§ 101.001(3)(D); Freedman v. Univ. of Houston, 110 S.W.3d 504, 506 n.5 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). Moreover, a suit against government
employees in their official capacities is, in all respects, a suit against the State; thus,
employees sued in their official capacities, such as Sheridan here, are shielded by
governmental immunity. See Hohman, 6 S.W.3d at 777.



          A governmental unit may contest a trial court’s authority to determine the
subject matter of the cause of action by filing a plea to the jurisdiction. See Reyes v.
City of Houston, 4 S.W.3d 459, 461 (Tex. App.—Houston [1st Dist.] 1999, pet.
denied). In the absence of a waiver of governmental immunity, a court has no subject
matter jurisdiction to entertain a suit against a governmental unit. Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). When a trial court learns that
it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from
rendering a judgment on the merits. Freedman, 110 S.W.3d at 507.
          When reviewing a trial court’s ruling on a plea to the jurisdiction, we consider
the facts alleged by the plaintiff and, to the extent relevant to the jurisdictional issues,
any evidence submitted by the parties. Whitley, 104 S.W.3d at 542. We review a trial
court’s disposition of a plea to the jurisdiction under a de novo standard of review. 
See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Reese v. City
of Hunter’s Creek Vill., 95 S.W.3d 389, 391 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied).
Statutory Waiver of Immunity
          In his first issue, de Miño argues that the “sue and be sued” language of section
111.33 of the Education Code constitutes a valid legislative waiver of UH’s and
Sheridan’s immunity from suit on all causes of action authorized by law and, thus, the
trial court erred in granting Sheridan’s plea to the jurisdiction. Section 111.33 reads
as follows:
The board [of regents] has the power to sue and be sued in the name of
the University of Houston. Venue shall be in either Harris County or
Travis County. The University shall be impleaded by service of citation
on the president or any of its vice presidents. Nothing in this section
shall be construed as granting legislative consent for suits against the
board, the University of Houston System, or its component institutions
and entities except as authorized by law.

Tex. Educ. Code Ann. § 111.33 (Vernon 2002) (emphasis added).
          In Freedman, we held that section 111.33 did not waive UH’s immunity from
suit on claims for breach of contract. 110 S.W.3d at 506. De Miño argues that,
because he has not asserted contractual claims against Sheridan, section 111.33 acts
as a statutory waiver of Sheridan’s immunity. However, the language of section
111.33 broadly states that it does not waive UH’s immunity from any suit “except as
authorized by law.” Tex. Educ. Code Ann. § 111.33. Thus, we hold that section
111.33 does not waive Sheridan’s immunity from suit.
          De Miño also asserts, in his first issue, that the DJA “waives immunity to suit
against a governmental official or entity when a litigant seeks a declaration of his
rights, or alleged violation of his rights, by a governmental official or entity and also
authorizes ancillary injunctive relief.”
          The purpose of the DJA is “to settle and afford relief from uncertainty and
insecurity with respect to rights, status, and other legal relations.” Tex. Civ. Prac.
& Rem. Code Ann. § 37.002 (Vernon 1997). De Miño relies on section 37.006 of
the DJA, which provides that “[w]hen declaratory relief is sought, all persons who
have or claim any interest that would be affected by the declaration must be made
parties.” Id. § 37.006 (Vernon 1997).
          A party can maintain a suit against a governmental unit to obtain an equitable
remedy or to determine its legal rights without legislative permission. Fed. Sign v.
Tex. S. Univ., 951 S.W.2d 401, 404 (Tex. 1997). However, the DJA does not extend
a trial court’s jurisdiction, and a litigant’s request for declaratory relief does not
confer jurisdiction on a court or change a suit’s underlying nature. Tex. Natural Res.
Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). The Texas
Supreme Court has consistently held that private parties may not circumvent a
governmental unit’s immunity from suit merely by characterizing a suit for damages
as a declaratory judgment claim. Id. at 856 (citing W.D. Haden Co. v. Dodgen, 308
S.W.2d 838, 842 (Tex. 1958)). Moreover, a declaratory judgment action is not
appropriate when a plaintiff’s cause of action is mature and enforceable in a pending
suit that involves the same parties and the same issues as alleged in the declaratory
judgment action. Tex. A & M Univ. Sys. v. Luxemburg, 93 S.W.3d 410, 425 (Tex.
App.—Houston [14th Dist.] 2002, pet. denied).
          Here, although de Miño stated in his pleadings that he was not asserting tort
claims against Sheridan in Sheridan’s official capacity, de Miño sought to have the
trial court render a “declaratory judgment” that Sheridan, in his official capacity, had
made false and defamatory statements concerning de Miño’s relationship with a
student. Because such a declaration would, in fact, constitute a ruling as a matter of
law on the tort claims de Miño had asserted against Sheridan in his individual
capacity, it is not within the proper scope of an action for declaratory relief. See Tex.
Civ. Prac. & Rem. Code Ann. § 37.002; IT-Davy, 74 S.W.3d at 855-56; Luxemburg,
93 S.W.3d at 425. Rather, de Miño’s claim for declaratory relief merely recasts his
defamation claims. Accordingly, we hold that the DJA does not waive Sheridan’s
immunity from suit.
          We overrule de Miño’s first issue.
Requirement of Statutory Waiver of Immunity
          Alternatively, in his second issue, de Miño argues that the trial court erred in
granting Sheridan’s plea to the jurisdiction because de Miño was not required to
establish the existence of a statutory waiver of governmental immunity as he asserted
a claim for declaratory relief and claims based on various provisions of the Texas
Constitution seeking recovery of monetary damages and equitable relief for
Sheridan’s alleged “unauthorized or illegal acts” in making the allegedly defamatory
statements. Likewise, in his fifth issue, de Miño argues that the trial court’s decision
to grant Sheridan’s plea to the jurisdiction was erroneous because de Miño
“adequately pleaded facts supporting claims of [Texas] constitutional violations.”
 
          Claim for Declaratory Relief
          The Texas Supreme Court has held that private parties may seek declaratory
relief against government officials who allegedly act without legal or statutory
authority. IT-Davy, 74 S.W.3d at 855; see Tex. Educ. Agency v. Leeper, 893 S.W.2d
432 (Tex. 1994) (suit challenging state officials’ construction of compulsory
school-attendance law). Such suits are not considered to be “suits against the State”
because they seek to compel government officials to act within their official capacity
and do not attempt to subject the governmental unit to liability. IT-Davy, 74 S.W.3d
at 855. Although certain claims for declaratory relief asserted against government
officials may not implicate the governmental immunity doctrine, here, as we have
held, de Miño’s declaratory claim does not fall within the scope of the DJA and was
properly dismissed by the trial court.
          “Takings” Claim
          With regard to his constitutional claims, de Miño first argues that the trial court
improperly dismissed his claim against Sheridan in his official capacity because no
statutory waiver of immunity was necessary to permit de Miño to pursue his claim for
adequate compensation under the “takings” clause of the Texas Constitution. See
Tex. Const. art. I, § 17. The Texas Constitution provides, in pertinent part, as
follows:
No person’s property shall be taken, damaged or destroyed for or
applied to public use without adequate compensation being made, unless
by the consent of such person; and, when taken, except for the use of the
State, such compensation shall be first made, or secured by a deposit of
money . . . .

Id. Governmental immunity does not shield governmental units from claims for
compensation under the “takings” clause. Little-Tex, 39 S.W.3d at 598.
          Here, de Miño argues that, through Sheridan’s allegedly defamatory statements,
de Miño was deprived of employment in the academic community. However, de
Miño directs us to no authority supporting his contention that his personal interest in
employment at UH or elsewhere constitutes a “property” right for purposes of the
“takings” clause. See Bates v. Tex. State Tech. Coll., 983 S.W.2d 821, 826 n.8 (Tex.
App.—Waco 1998, pet. denied) (noting that “property” refers to real property and not
to interest in continued employment). Moreover, de Miño has not alleged, nor does
the record indicate, that his personal interest in employment was or could have been
“taken, damaged or destroyed for or applied to public use.” Tex. Const. art. I, § 17
(emphasis added).
          Due Course of Law Claim
          De Miño also argues that the trial court erred in granting the plea to the
jurisdiction on his claims “alleging a deprivation of his liberty interest” in his
professional reputation because, under the “due course of law” provision of the Texas
Constitution, he did not need to establish a waiver of governmental immunity. The
due course of law guarantee of the Texas Constitution provides as follows:
No citizen of this State shall be deprived of life, liberty, property,
privileges or immunities, or in any manner disenfranchised, except by
the due course of the law of the land.

Tex. Const. art. I, § 19. Texas courts have traditionally followed contemporary
federal due process interpretations of procedural due process issues. Univ. of Tex.
Med. Sch. at Houston v. Than, 901 S.W.2d 926, 929 (Tex. 1995) (holding that
medical student had constitutionally protected liberty interest in graduate education);
see U.S. Const. amend. XIV. The Texas Supreme Court has held that, “where a
person’s good name, reputation, honor, or integrity is at stake because of what the
government is doing to him, the minimal requirements of due process must be
satisfied.” Id. at 930 (citing Goss v. Lopez, 419 U.S. 565, 574, 95 S. Ct. 729, 736
(1975)).
          In his pleadings, de Miño asserted a cause of action for deprivation of his
“constitutional liberty interest in his professional reputation and standing in the
community” under Article I, section 19. However, all of de Miño’s claims are based
on his allegation that Sheridan defamed him in retaliation for de Miño’s pursuit of a
federal lawsuit against UH. De Miño did not seek, as a remedy for Sheridan’s
allegedly defamatory statements, due process in the form of either an administrative
hearing or reinstatement to his lecturing position.


 Nor is de Miño entitled to recover
monetary damages under his “due course of law” claim. See Jackson v. Houston
Indep. Sch. Dist., 994 S.W.2d 396, 400-01 (Tex. App.—Houston [14th Dist.] 1999,
no pet.).
          As the United States Supreme Court has observed, “The words ‘liberty’ and
‘property’ as used in the Fourteenth Amendment do not . . . single out reputation . . .
for special protection over and above other interests that may be protected by state
law.” Paul v. Davis, 424 U.S. 693, 701, 96 S. Ct. 1155, 1160 (1976). Reputation
alone, apart from some more tangible interests such as employment, does not
constitute either “liberty” or “property” by itself sufficient to invoke protections of
procedural due process. Id. 424 U.S. at 701, 96 S. Ct. at 1161.
          Based on the record presented, we find nothing in de Miño’s pleadings that
alters the nature of his claims from anything other than ordinary defamation claims.


 
          “Open Courts” Claim
          De Miño also argues that he is not required to plead a statutory waiver of
immunity because the “open courts” provision of the Texas Constitution guarantees
his right to pursue a remedy for Sheridan’s alleged wrongful conduct. The Texas
Constitution provides that “[a]ll courts shall be open, and every person for an injury
done him, in his lands, goods, person or reputation shall have a remedy by due course
of law.” Tex. Const. art. I, § 13.
          The Texas Supreme Court has held that the “open courts” provision “applies
only to statutory restrictions of a cognizable common law cause of action.” Fed.
Sign, 951 S.W.2d at 410 (emphasis added) (quoting Peeler v. Hughes & Luce, 909
S.W.2d 494, 499 (Tex. 1995)). A court’s ruling that merely upholds established
sovereign immunity law does not violate the “open courts” provision of the Texas
Constitution because a citizen does not have a “cognizable common law cause of
action” against the sovereign. See Fed. Sign, 951 S.W.2d at 410. Here, de Miño does
not direct this Court to any legislative act that abridges a cognizable common law
claim; thus, his “open courts” challenge is without merit.
          “Freedom of Speech” and “Redress of Grievances” Claims
          Finally, de Miño argues that the trial court’s grant of Sheridan’s plea to the
jurisdiction was improper because de Miño was not required to prove a waiver of
immunity to proceed on his claim that, by making the allegedly defamatory
statements, Sheridan had retaliated against de Miño’s constitutional right of “freedom
of speech.” See Tex. Const. art. I, § 8. De Miño also argues that he is entitled to
pursue a claim for “redress of grievances.” See Tex. Const. art. I, § 27. Section 8
of the Texas Constitution reads, in part, as follows:
Every person shall be at liberty to speak, write or publish his opinions
on any subject, being responsible for the abuse of that privilege; and no
law shall ever be passed curtailing the liberty of speech of the press.

Tex. Const. art. I, § 8. Section 27, also known as the “free assembly” provision,
reads as follows:
The citizens shall have the right, in a peaceable manner, to assemble
together for their common good; and apply to those invested with the
powers of government for redress of grievances or other purposes, by
petition, address or remonstrance.

Tex. Const. art. I, § 27.
          The Texas Supreme Court has held that “there is no implied private right of
action for damages arising under the free speech and free assembly sections of the
Texas Constitution.” City of Beaumont v. Bouillion, 896 S.W.2d 143, 147 (Tex.
1995). De Miño argues that, because he sought equitable relief as an alternative to
monetary damages, he may pursue a private cause of action against Sheridan, in his
official capacity, under the “free speech” and “right of redress” provisions of the
Texas Constitution. The equitable relief requested in de Miño’s pleadings consisted
of a request that Sheridan, in his official capacity, be enjoined from repeating and be
ordered to retract the allegedly defamatory statements.
          However, de Miño asserted his constitutional claims against Sheridan in
Sheridan’s official capacity, not his individual capacity. An ultra vires suit, based on
allegedly unconstitutional actions by an employee or official of a governmental unit,
may not be maintained against an official in his official capacity; such a suit may only
be brought against an official in his individual capacity. See Nueces County v.
Ferguson, 97 S.W.3d 205, 219 n.18 (Tex. App.—Corpus Christi 2002, no pet.);
Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 597-98 (Tex. App.—Austin
1991, writ denied); Bagg v. Univ. of Tex. Med. Branch at Galveston, 726 S.W.2d 582,
584-85 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.). Nor may a plaintiff
seek equitable relief in an attempt to control an official acting within the scope of the
official’s legal authority. King v. Tex. Dep’t of Human Servs., 28 S.W.3d 27, 33 (Tex.
App.—Austin 2000, no pet.). Thus, de Miño’s claims asserting causes of action
under the free speech and redress of grievances provisions of the Texas Constitution
are without merit.
          As noted above, generally, the State, its governmental units, and its
governmental employees sued in their official capacities are immune from suit unless
the legislature has expressly consented to the suit. Gen. Servs. Comm’n., 39 S.W.3d
at 593; Hohman, 6 S.W.3d at 777. Here, we hold that none of the declaratory or
constitutional claims asserted by de Miño relieved him of the requirement of
establishing the existence of a statutory waiver of UH’s governmental immunity to
bring his suit.
          Accordingly, we overrule de Miño’s second and fifth issues.
Waiver by Conduct
          In his third issue, de Miño argues, alternatively, that the trial court erred in
granting Sheridan’s plea to the jurisdiction because Sheridan’s official immunity, if
any, was waived by the conduct of UH, the Texas Attorney General’s Office, and
Sheridan himself in the trial court below. Specifically, de Miño asserts that, by
accepting legal representation from the Texas Attorney General’s Office and by filing
a counterclaim for attorney’s fees, Sheridan waived his immunity.
          Here, given the nature of de Miño’s claims asserted against Sheridan as Provost
of UH, the State was required to indemnify and the Attorney General’s Office was
required to defend Sheridan. See Tex. Civ. Prac. & Rem. Code Ann. § 104.001
(Vernon Supp. 2004) (“In a cause of action based on conduct described in [this
chapter], the state shall indemnify . . . an employee . . . or any other officer of a state
agency, institution, or department . . . .”); see id. § 104.004(a) (Vernon 1997) (“The
attorney general shall defend a public servant . . . in a cause of action covered by this
chapter.”).



          It is evident that the purpose of Chapter 104 is not to waive immunity of
government employees but to provide for their defense and indemnification, and we
do not construe it as a statutory waiver of immunity. See Montana v. Patterson, 894
S.W.2d 812, 815 (Tex. App.—Tyler 1994, no writ). Accordingly, we hold that, by
appearing as counsel for Sheridan in this case, the Attorney General’s Office did not
waive Sheridan’s immunity from suit with regard to de Miño’s claims asserted against
Sheridan in his official capacity.
          De Miño also argues that UH and the Attorney General’s Office appeared on
Sheridan’s behalf and, consequently, waived their governmental immunity. However,
the record indicates that the only parties to the proceedings in the trial court were de
Miño and Sheridan. Thus, we hold that de Miño’s contention that UH and the
Attorney General’s Office appeared as parties is without merit.
          De Miño further argues that Sheridan pursued a counterclaim against de Miño
for attorney’s fees and that, by doing so, Sheridan waived his immunity by invoking
the jurisdiction of the trial court. See Reata Construction Corp. v. City of Dallas,
2004 WL 726906, at *3 (holding that, by filing suit for damages, “a governmental
entity waives immunity from suit for any claim that is incident to, connected with,
arises out of, or is germane to the suit or controversy brought by the State,” including
counterclaims). The record indicates that Sheridan did not file a separate pleading
designated as a “counterclaim” and did not set forth any allegations or elements of a
cause of action against de Miño. See Tex. R. Civ. P. 97. However, in his original
answer, Sheridan prayed generally for the trial court to award him “costs of court,
attorney’s fees, and such other relief as the Court deems appropriate.”
          To address de Miño’s argument that Sheridan waived his immunity by
invoking the trial court’s jurisdiction, we must first determine whether Sheridan’s
general prayer for relief constituted a counterclaim. As one court has observed:
The question of whether an answer sets up a counterclaim or is merely
defensive must be determined by the facts alleged, and not by the name
given the plea or by the particular form of the prayer for relief. A test
for making the determination is to inquire whether the defendant could
have maintained a suit to enforce the claim before suit was brought by
the plaintiff. If the defendant could have maintained such an
independent suit, the claim will be regarded as a setoff or counterclaim. 
If the suit could not have been maintained, it is a defensive plea.

Flukinger v. Straughan, 795 S.W.2d 779, 787 (Tex. App.—Houston [14th Dist.]
1990, writ denied).
          Here, it is apparent that Sheridan’s general prayer for relief, including
attorney’s fees, could not have been maintained in a separate lawsuit. In his prayer,
Sheridan set forth no cause of action, legal theory, or facts that would entitle him to
recover attorney’s fees. Therefore, we conclude that his general prayer for costs of
court and attorney’s fees did not constitute a counterclaim, and we hold that Sheridan
did not invoke the jurisdiction of the trial court by making this general prayer.
          We hold that Sheridan, UH, and the Attorney General’s Office did not, by their
conduct, waive Sheridan’s immunity, and we overrule de Miño’s third issue.
          A trial court simply has no subject matter jurisdiction to entertain a suit against
a governmental unit absent a waiver of governmental immunity, and, when it learns
that it lacks jurisdiction to hear a cause, the trial court must dismiss the cause. 
Freedman, 110 S.W.3d at 507. Accordingly, we hold that the trial court did not err
in granting Sheridan’s plea to the jurisdiction.
Temporary Injunction
          In his fourth issue, de Miño challenges the trial court’s denial of his application
for a temporary injunction. In his application, de Miño requested that the trial court
order Sheridan not to repeat or republish the allegedly defamatory statements and to 
permit de Miño to present “documentary evidence pertaining to the dispute” between
de Miño and UH on UH’s internet website.
          An applicant for a temporary injunction must establish that he has a probable
right to the relief sought and that he will suffer a probable injury in the interim,
pending a trial on the merits. Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993);
City of Friendswood v. Registered Nurse Care Home, 965 S.W.2d 705, 707 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). The decision to grant or to deny a
temporary injunction lies within the sound discretion of the trial court, and we will
not reverse that decision absent an abuse of discretion. Walling, 863 S.W.2d at 58;
CRC-Evans Pipeline Int’l, Inc. v. Myers, 927 S.W.2d 259, 262 (Tex. App.—Houston
[1st Dist.] 1996, no writ). The mere fact that a trial court may decide a matter within
its discretionary authority in a different manner than an appellate court in a similar
circumstance does not demonstrate that an abuse of discretion has occurred. See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).
          Here, de Miño’s argument that the trial court erred in denying his application
for a temporary injunction is based on his argument that his claim for equitable relief
was “not jurisdictionally barred.” Because, as we have held, the trial court properly
granted Sheridan’s plea to the jurisdiction concerning all claims asserted by de Miño
against Sheridan in Sheridan’s official capacity, we hold that de Miño has not
demonstrated that he has a probable right of recovery on such claims. See Walling,
863 S.W.2d at 57. Therefore, we hold that the trial court did not abuse its discretion
in denying de Miño’s application for a temporary injunction.
          We overrule de Miño’s fourth issue.
Opportunity to Amend
          In his sixth issue, de Miño contends that the trial court erred in granting
Sheridan’s plea to the jurisdiction without affording de Miño an opportunity to cure
any deficiencies in his pleadings.
          After de Miño had filed his original petition, Sheridan filed special exceptions,
which the trial court granted. De Miño subsequently filed three supplemental
petitions. Although Sheridan filed special exceptions to de Miño’s “Third
Supplemental Petition,” the trial court did not rule on these special exceptions. 
Instead, the trial court signed an order that set a deadline for de Miño to file
“amended or supplemental pleadings as to jurisdictional issues.” That same order
provided that de Miño would be permitted to file additional pleadings after the
deadline upon “good cause shown, and with leave of this Court.”
          Following the trial court’s order setting the pleading deadline, de Miño filed
a “Motion for Reconsideration” of the trial court’s ruling, in which he sought to have
the trial court “cancel” the deadline. However, the record indicates that de Miño did
not obtain a ruling on his motion for reconsideration. Nor did de Miño seek leave of
the trial court to amend or supplement his pleadings after the deadline had passed and
before the trial court granted Sheridan’s plea to the jurisdiction. Thus, we conclude
that de Miño has not preserved any error on this issue for our review. See Tex. R.
App. P. 33.1(a).
          Accordingly, we overrule de Miño’s sixth issue.
Conclusion
          We affirm the orders of the trial court. All pending motions are denied.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.