Opinion issued June 9, 2005







     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01045-CV




HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 170, Appellant

V.

HARRIS COUNTY, TEXAS AND HARRIS COUNTY FLOOD CONTROL
DISTRICT, Appellees




On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2003-17692




MEMORANDUM OPINION
          Appellant, Harris County Municipal Utility District No. 170 (the MUD),
appeals from the trial court’s final judgment entered in its breach of contract suit
against appellees, Harris County, Texas and Harris County Flood Control District
(collectively the District) ordering that the MUD take nothing and denying the
MUD’s application for a permanent injunction. In its first two issues, the MUD
contends that the trial court erred by rendering the take-nothing judgment and
denying injunctive relief because the evidence established that the District’s purchase
of land violated the terms of an agreement between the MUD and the District. 
          We reverse and render judgment dismissing, for want of jurisdiction, the
MUD’s claims.Background
          In 1988, the MUD entered into a flood control agreement with the District. 
Pursuant to the agreement, the MUD paid the District $148,461.70 as a “participation
amount” for the District to provide drainage improvements to the MUD. The
agreement states that no future payments of money or donations of land by the MUD,
or property owners within the MUD, will be required.
          In 2003, the Harris County Commissioner’s Court authorized the District to
purchase approximately 29 acres of land within the MUD for use as a “regional
detention basin.” The MUD sued the District for breach of contract and sought a
judgment to permanently enjoin the District from using the property as a regional
detention basin in order to avoid irreparable injury from (1) lost tax revenues, due to
a diminished tax base, (2) loss of service fees to be charged to the property for
servicing water and wastewater to the development of the property, and (3) wasted
expenditures associated with the past construction of utility, water, and wastewater
facilities to serve the property. The MUD sought damages as an alternative to
injunctive relief. In its final judgment the trial court concluded that the MUD was not
entitled to injunctive relief and should take nothing.
Jurisdiction
          Although the District asserted governmental immunity from the MUD’s
breach-of-contract claim and application for injunctive relief, the trial court
concluded that it had jurisdiction. On appeal, the District continues to assert that it
has governmental immunity from the MUD’s causes of action. 
          Subject matter jurisdiction is essential to the authority of a court to decide a
case; it is never presumed and cannot be waived. Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). Whether a trial court has
subject-matter jurisdiction is a question of law subject to de novo review. See Tex.
Nat. Res. Conservation Comm’n. v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).
          Although a governmental entity


 waives immunity from liability when it enters
a contract, immunity from suit is not waived merely by entering a contract. Catalina
Dev., Inc. v. County of El Paso, 121 S.W.3d 704, 705 (Tex. 2003). Instead, express
consent by the governmental entity is required, in order to show that immunity from
a breach of contract suit has been waived. Id. This consent must be expressed in
clear and unambiguous language. Tex. Gov’t Code Ann. § 311.034 (Vernon Supp.
2004).


 
          The MUD asserted in its third amended original petition and application for
permanent injunction, without citation to authority, that, “the Flood Control
Agreement is not a contract for goods and services to which such immunity might
apply.” On appeal, the MUD continues to make the same assertion, that the
agreement here is not a contract for goods and services, but is “something else”—
although the MUD does not specify what—for which immunity is waived. The MUD
has not cited any authority suggesting that the agreement here was for something
other than goods or services. The MUD’s entire argument on appeal is as follows: 
Here, [the District] affirmed by the Flood Control Agreement that it was
the ‘regional storm water regulatory authority over drainage to White
Oak Bayou.’ In that capacity, it affirmed by the Flood Control
Agreement that MUD 170 was required to perform a number of drainage
functions and to pay what was described therein as a ‘Participation
Amount.’ In exchange therefore, [the District] agreed, among other
things, that it would not require on-site detention within the boundaries
of MUD 170. Given the fact that the boundaries of [the MUD]
encompass less than 170 acres, this concession was, of course, vital to
the economic vitality and future of the Municipal Utility District. In
such a situation, the law must be that even if it should be held that the
doctrine of immunity from suit applied, that doctrine has been waived
by the governmental entity.

Although the MUD has attempted to portray the agreement as something other than
an agreement to provide goods or services, as mentioned above, the MUD’s own brief
shows that the agreement was an agreement to provide certain services. 
          The MUD further contends that its application for injunctive relieve is not
barred by governmental immunity. A party can maintain a suit against a
governmental unit to obtain an equitable remedy or determine its legal rights without
legislative permission. See Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 404
(Tex. 1997); Freedman v. Univ. of Houston, 110 S.W.3d 504, 508 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). The MUD may not, however, recast their
contractual claims against the District, as it has here, as equitable claims to avoid
governmental immunity. See IT-Davy, 74 S.W.3d at 856; Freedman, 110 S.W.3d at
508.
Conclusion
          Because the MUD has not established a clear and unambiguous waiver of the
District’s immunity from contractual liability, we reverse the trial court’s judgment
and render judgment dismissing the MUD’s claim for want of jurisdiction. See Tex.
 

R. App. P. 43.2(c); Tex. Gov’t Code Ann. § 311.034; Travis County v. Pelzel &
Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002).
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.