Opinion issued September 27, 2012



In The

# Court of Appeals

For The

## First District of Texas

_____

## NO. 01-10-01077-CV

_____

## RICHARD STEPHEN CALKINS, INDIVIDUALLY AND AS AGENT IN FACT FOR MARY OLIVE CALKINS, AND MICHAEL EASTON, Appellants

### V.

### JANE DOE, Appellee

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2010-74071

## MEMORANDUM OPINION

Appellants Richard Stephen Calkins and Michael Easton bring this accelerated interlocutory appeal of (1) the trial court's temporary injunction restricting appellants from "disseminating, publishing, filing, serving or otherwise permitting the distribution of [appellee] Jane Doe's medical records or referring to same, or Jane Doe's real name and describing her as mentally ill," and (2) the trial court's temporary sealing order. We vacate the trial court's judgment and dismiss the case for lack of jurisdiction.

## BACKGROUND

### *The probate court proceedings*

On November 1, 2010, appellee was detained under an Order of Emergency Apprehension/Detention and an Emergency Apprehension/Detention Warrant signed by the presiding judge of the Harris County Probable Cause Court as the result of an Application for Emergency Detention signed by her aunt. The following day, November 2, 2010, a Harris County Justice of the Peace signed an Order of Protective Custody and Notice of Hearing, which made specific findings, including that the application for detention was sufficiently supported by a detailed physician's statement. That order also (1) appointed a new physician to examine appellee, (2) appointed an attorney to represent appellee, (2) set a probable cause

2

hearing for November 5, 2010, and (4) set a hearing upon the Application for Court-Ordered Mental Health Services for November 15, 2010.

On November 5, 2010, a probable cause hearing was conducted in Probate Court No. 4. The court made the requisite findings—based upon hospital records and appellee's statements—to continue appellee's confinement and treatment.

*The underlying district court proceedings*

On November 9, 2010, appellee filed a Petition for Writ of Habeas Corpus in the district court seeking immediate release. No records from the probate court proceedings were provided in this district court filing, and she did not argue that the grounds for confinement were insufficient. Instead, appellee alleged that she was entitled to immediate release because more than 72 hours passed between her original detention on November 1, 2010 and the November 5, 2010 probable cause hearing.

That same day, the district court signed a Writ of Habeas Corpus ordering Methodist Hospital to immediately release appellee and transport her to the location from which she was detained, i.e., her office. Methodist immediately filed a Motion for Clarification, pointing out that while appellee argued that she was detained on November 1, 2010 and did not receive a probable cause hearing until November 5, 2010, appellee "failed to provide the executed order to th[e] court

which clearly shows that the Order of Protective Custody was signed ***November 2, 2010.***" Because section 574.25(b) of the Texas Health and Safety Code—the statute upon which appellee's Petition for Writ of Habeas Corpus was based—only requires a probable cause hearing within 72 hours of a protective custody order, appellee's hearing was actually timely. TEX. HEALTH & SAFETY CODE ANN. § 574.025(b) (Vernon 2010). Methodist also noted that appellee had not provided the court with the findings from the probable cause hearing confirming the need for confinement for her own protection. [1] Finally, Methodist argued that because appellee did not give the county attorney nor the probate court notice of the district court habeas proceedings, Methodist was now faced with conflicting orders—one from the probate court requiring confinement and one from the district court ordering appellee be released at a closed office building in the middle of the night with no guardian or protections in place.

Methodist also filed a Plea to the Jurisdiction arguing that the probate court, and not the district court, has jurisdiction over mental health confinement proceedings. *See* TEX. GOV'T CODE § 25.1034(b) (granting Harris County Probate Courts Numbers 3 and 4 primary and secondary responsibility for mental illness proceedings); TEX. HEALTH & SAFETY CODE ANN. § 574.008(a) (Vernon Supp.

---

[1] Methodist attached the Probate court records to its motion.

2012) (mental health services proceedings must be held in statutory or constitutional county court that has jurisdiction of a probate court in mental illness matters).

On November 10, 2010, the district court signed an Amended Writ of Habeas Corpus denying Methodist's plea to the jurisdiction and ordering appellee to be immediately released to her husband at Methodist Hospital.

On November 24, 2010, appellee filed an Unopposed Motion for a Temporary Sealing Order and Unopposed Motion to Seal Court Records, arguing that her confidential HIPAA-protected medical records that were attached to Methodist's filings are being disseminated by third-parties and placing her long-standing career and reputation as an attorney at risk.

On December 1, 2010, appellants Richard Stephen Calkins, Individually and as agent-in-fact for Mary Olive Calkins and Michael Easton, individually, and as assignee of Richard Stephen Calkins, filed a Plea in Intervention, Motion to Vacate 'Judgment,' Notice of Fraud Upon the Court, and Motion to Show Authority. Appellees sought (1) dismissal of the habeas writ for lack of jurisdiction, (2) denial of appellee's request for a sealing order, (3) referral of appellee and her counsel to the Disciplinary Counsel of the State Bar of Texas for investigation, and (4) an

order requiring appellee and her lawyer to tender a public apology to a probate court judge for "mistreatment."

On December 1, 2010, appellee faxed an unsigned copy of appellee's Motion to Strike Intervention, Restyle Caption, Temporary Restraining Order and Temporary Injunction to appellants, and gave notice to appellants of a hearing in front of the ancillary judge on December 2, 2010. A temporary restraining order was entered December 2, 2010, prohibiting appellants from disseminating appellee's "medical records or referring to same" or her "real name or describing her as mentally ill." The permanent injunction hearing was set for December 9, 2010. A temporary sealing order was also entered on December 2, 2010, with the hearing on the Motion to Seal set for December 17, 2010, and later reset to January 21, 2011.

### *The transfer from district court to probate court*

On December 9, 2010, a hearing was held on appellants' Motion to Vacate and Motion for Continuance. The district court acknowledged at that hearing that it lacked jurisdiction over this proceeding. The court then entered an order commanding the clerk to transfer all of the records in this case to Harris County Probate Court Number 4 and administratively close the case. It also ordered the parties to file all future related documents in the probate court.

Appellants appealed here.  In their first issue, they contend the district court erred by granting a temporary injunction without proper notice to the parties, without conducting a proper hearing, and without a sworn application from appellee supporting the injunction.  In their second issue, appellants assert that the district court abused its discretion by sealing the file without the proper posting of notice and hearing.  Appellee has not filed a brief in response.

## JURISDICTION

Although appellants filed a plea to the jurisdiction in the trial court, they do not challenge the trial court's denial of that motion here.  Nonetheless, "[a]ppellate courts must determine, even *sua sponte*, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue." *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (quoting *McCauley v. Consol. Underwriters*, 304 S.W.2d 265, 266 (Tex. 1957)).

"When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits." *Freedman v. Univ. of Houston*, 110 S.W.3d 504, 507 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Once the district court in this case determined it lacked subject-matter jurisdiction because this case involved a mental-illness confinement

7

over which the probate court instead had jurisdiction, it erred by reaching the merits of parties' claims.

## CONCLUSION

We vacate the district court's orders and dismiss the case. TEX. R. APP. P. 43.2(e).

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.